[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12942
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00403-AT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAYTON ARMSTRONG HILL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 19, 2018)

Before JILL PRYOR, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Clayton Hill appeals his 8-month custodial sentence imposed upon revocation of his supervised release.  Hill previously served a 61-month term of imprisonment after pleading guilty to conspiracy to defraud the United States by obtaining the payment of fraudulent tax refunds, in violation of 18 U.S.C. § 286, and identity fraud, in violation of 18 U.S.C. §§ 1028(a)(7), 2.  At his revocation hearing, Hill conceded that he violated the terms of his supervised release by traveling outside the district without his probation officer's permission.  Hill admits he did not tell his probation officer and did not report to him for three months.

On appeal, Hill argues that the his 8-month sentence, at the low end of the advisory guidelines range of 8 to 14 months, is substantively unreasonable given that his reason for leaving the district was to regain custody of his nine-year-old daughter.  Hill contends the district court did not adequately take into account the circumstances of his supervised release violation, the nature of his offense, and his character.

In response, the government stresses, among other things, that this is Hill's second violation.  The first time, Hill's supervised release was revoked for fraudulent conduct, and he received a 6-month sentence, below the advisory guidelines range.  After his release, Hill reported to his probation officer only one time before traveling out of the district without permission and absconding for

2

several months.  Because Hill continued to fail to report, a warrant was issued for his arrest. As to this second violation, the government asked for a 14-month sentence.

We review sentences imposed upon revocation of supervised release for reasonableness under the deferential abuse of discretion standard.  United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)."  Id. at 1107.  The relevant § 3553(a) factors that a district court must consider before imposing a sentence upon revocation are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public from the defendant's further crimes; (4) the need to provide the defendant with needed educational or vocational training or medical care; (5) the relevant guidelines range; (6) pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to victims.  See 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)).  The district court does not need to explicitly mention that it considered the § 3553(a)

3

factors, as long as the record shows that it did consider the factors. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).

The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). A district court abuses its discretion when it: (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

If a district court revokes a term of supervision, it may require the defendant to serve in prison all or part of the term of supervised release that is statutorily authorized for the offense that resulted in the supervised release term. 18 U.S.C. § 3583(e)(3). Here, where the underlying offense was a Class C felony, the district court could have imposed a prison term of up to two years. Id.; see also 18 U.S.C. §§ 286, 1028(b), 3559(a)(3). Further, the parties do not dispute that, with a Grade C supervised release violation and criminal history of VI, Hill's recommended

imprisonment range under advisory Chapter 7 of the Sentencing Guidelines was 8 to 14 months' imprisonment. See U.S.S.G. § 7B1.4(a).

Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). Further, a sentence imposed well below the statutory maximum is another indicator of a reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Hill's 8-month sentence, imposed at the bottom of his advisory guideline range, was not substantively unreasonable. Hill failed to demonstrate that the district court either ignored the § 3553(a) factors or committed a clear error of judgment in weighing the relevant § 3553(a) factors. See Irey, 612 F.3d 1189. The record establishes that the district court sufficiently addressed the § 3553(a) factors and adequately explained that, in light of the seriousness of Hill's underlying offense, his prior revocation of supervised release, and his tendency to make poor decisions while subject to conditions of supervision, Hill's supervised release violation warranted an 8-month custodial sentence. See Irey, 612 F.3d at 1189; Dorman, 488 F.3d at 944; Sweeting, 437 F.3d at 1107.

Moreover, it was entirely within the district court's discretion to place particular emphasis on Hill's inability to comply with the conditions of his supervised release and find that Hill's mitigating evidence was insufficient to

warrant reinstating his supervised release.  See Clay, 483 F.3d at 743.

Additionally, Hill's 8-month sentence represented the lowest end of the applicable

guideline range and also was well below the two-year statutory maximum penalty,

suggesting substantive reasonableness.  See Hunt, 526 F.3d at 746; Gonzalez, 550

F.3d at 1324.  Therefore, Hill's argument that his 8-month sentence was

substantively unreasonable lacks merit.

Accordingly, we affirm Hill's 8-month custodial sentence.

**AFFIRMED.**